UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,   :
                                            :    CASE NO. 1:06-CR-00338
            Plaintiff,              :
                                            :
    v.                                     :    OPINION & ORDER
                                            :    [Resolving Doc. No. 632]
SHERRELL WILSON,             :
                                            :
            Defendant.          :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Sherrell Wilson moves to unseal records regarding his co-defendants, Luis Arias and Jorge Gonzalez. [Doc. 632.] Wilson argues that these records "will support [his] upcoming 28 U.S.C. § 2255 claim(s) . . . ." [Doc. 632.] The government opposes the discovery request. [Doc. 635.] For the following reasons, the Court **DENIES** the Defendant's motion.

On July 6, 2006, a grant jury indicted Defendant Wilson, along with twenty-three co-defendants, for various drug-related offenses. [Doc. 28.] On November 6, 2006, Wilson pled guilty to: (1) knowingly and intentionally conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and (2) knowingly and intentionally possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). [Doc. 321; Doc. 330.] In entering his guilty plea, Wilson admitted that the charges against him involved between five and fifteen kilograms of cocaine as to the first count, [Doc. 330 at 4; Plea Hr'g at 24], and between 100 and 200 grams of cocaine as

Case No. 1:06-CR-00338
Gwin, J.

to the second count, [Plea Hr'g at 24].

Wilson waived his right to appeal, except as to any punishment in excess of the statutory maximum or in excess of the advisory Sentencing Guidelines. Wilson also waived his right to file a habeas petition under 28 U.S.C. § 2255, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 330; Plea Hr'g at 26-27.]

On January 11, 2007, the Court sentenced Wilson to 240 months imprisonment on both counts, to be served concurrently. The Court dismissed all other counts against Wilson upon the government's motion. [Doc. 469.]

On January 16, 2007, Wilson filed notice of appeal to the Sixth Circuit Court of Appeals. [Doc. 480.] On December 6, 2007, upon a joint motion to dismiss under Federal Rule of Appellate Procedure 42(b), the Sixth Circuit dismissed Wilson's appeal. *United States v. Wilson*, No. 07-cv-3125, Doc. 12-6-2007.

Wilson now asks this Court to unseal the (1) plea agreements, (2) plea transcripts, (3) sentencing memoranda, (4) sentencing transcripts, and (5) any other information related to his co-defendants Luis Arias and Jorge Gonzalez. [Doc. 632.] Wilson argues that access to these documents will support the habeas petition he intends to file. Wilson says the documents will show that Arias and Gonzalez, acting "in sync with the government," lied about the amount of drugs for which Wilson was responsible and that this perjury unlawfully increased his sentence. [Doc. 632.]

Wilson's argument fails for two principal reasons. First, though Wilson argues that unsealing the documents would support a § 2255 habeas petition, any such petition is likely to be futile. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a defendant must file a § 2255 petition within one year of the final judgment against him. 28 U.S.C. § 2255; *Sanchez-*

Case No. 1:06-CR-00338
Gwin, J.

*Castellano v. United States*, 358 F.3d 424, 425 (2004). In this case, the Sixth Circuit issued its final judgment granting Wilson's voluntary dismissal of his appeal on December 6, 2007—over two years before Wilson filed the instant motion. *See United States v. Goward*, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010) (AEDPA limitations begins to run on the date an appeal is voluntarily dismissed, because no further direct review is possible (citing *Futernick v. Sumpter Twp.*, 207 F.3d 305, 312 (6th Cir. 2000) and *United States v. Sylvester*, 258 Fed. Appx. 411, 412 (3d Cir. 2007))).

Wilson does not argue that equitable tolling would apply to save his claims under § 2255. Nor does Wilson make any showing of "actual innocence" to warrant applying that exception to AEDPA's limitations period here. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009) (AEDPA limitations period "bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." (citing *McCray v. Vasbinder*, 499 F.3d 568 (6th Cir. 2007))); *see also McCray v. Vasbinder*, 499 F.3d 568, 576-77 (6th Cir. 2007) (noting that the actual innocence exception is an extraordinary remedy, and petitioners raising the issue must make the requisite showing of actual innocence). Accordingly, any § 2255 petition Wilson may wish to file at some future date would likely be time-barred under AEDPA's statute of limitations.

Second, though Wilson suggests that perjury by his co-defendants and the government increased the amount of drugs for which Wilson was sentenced (and thus increased the length of his sentence), Wilson admitted to the amount of drugs involved in each charge in his plea agreement and again at his plea hearing. [Doc. 330 at 4; Plea Hr'g at 24.] The amount and type of drug to which Wilson admitted—between five and fifteen kilograms of cocaine on the first count, and between 100 and 200 grams of cocaine on the second count—served as the basis for his sentence. [Plea Hr'g at 24-25.] These admissions, made in Wilson's signed plea agreement and again under oath at Wilson's

Case No. 1:06-CR-00338
Gwin, J.

plea hearing, directly contradict the allegations of governmental misconduct that Wilson indicates will be the basis for his § 2255 petition.

Wilson thus fails to present a convincing reason for unsealing the documents, particularly in light of the potential danger to Wilson's co-defendants should information regarding their plea negotiations, convictions, or sentencing be made public.

Accordingly, the Court **DENIES** Defendant Wilson's motion to unseal his co-defendants' records. Wilson alternatively requests that this Court review the sealed documents *in camera* when considering his § 2255 habeas petition. [Doc. 632.] Because Wilson has not filed any such petition, the Court will not now determine whether *in camera* review is appropriate.

IT IS SO ORDERED.

Dated: May 27, 2011          s/     *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE