UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SHERRELL WILSON, : CASE NO. 1:06-CR-338
:
       Petitioner-Defendant, :
: OPINION & ORDER
v. :
: [Resolving Doc. Nos. 650 & 651]
UNITED STATES OF AMERICA, :
:
:
       Respondent-Plaintiff. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Sherrell Wilson moves under 28 U.S.C. § 2255 to vacate his sentence, arguing that he was denied the effective assistance of counsel and was prejudiced by prosecutorial misconduct. [Doc. 650]. Additionally, Wilson moves to toll the one-year limitations period on § 2255 motions. [Doc. 651]. The Government opposes Wilson's motions. [Doc. 665]. For the following reasons, the Court **DENIES** Wilson's motion to toll the limitations period and **DISMISSES** Wilson's § 2255 motion.

I.

On July 6, 2007, Wilson was indicted for, among other things, trafficking marijuana and cocaine. [Doc. 28]. On the morning of his trial, and consistent with a written plea agreement, Wilson pleaded guilty to counts 1 (conspiracy to distribute marijuana and cocaine) and 6 (distribution of cocaine) of the indictment. [Docs. 321 & 330]. As part of the plea agreement,

-1-

Case No. 1:06-CR-338
Gwin, J.

Wilson admitted to conspiring to distribute approximately 14 kilograms of cocaine. *See* [Doc. 330, ¶ 15(O)]. The Court sentenced Wilson to 240 months' imprisonment, [Doc. 468, at 1], and Wilson appealed his sentence, *see* [Doc. 475]. On December 6, 2007, the Sixth Circuit dismissed Wilson's appeal at the parties' mutual request. *See* [Doc. 665-2, at 2].

Wilson now contends that he never conspired to distribute cocaine, but instead conspired only to distribute marijuana. [Doc. 650-2, at 3]. According to Wilson, he told his attorney that he was not involved in any cocaine conspiracy, but his attorney told him that nothing could be done, *id.*, and pressured him to plead guilty, [Doc. 557-1, ¶ 3]. In addition, Wilson says that the prosecutor engaged in misconduct by vindictively filing a 21 U.S.C. § 851 enhancement notice after the statutory deadline. [Doc. 650-1, at 14]; *see* 21 U.S.C. § 851(a)(1).

Wilson's § 2255 motion, filed nearly four years after his direct appeals were exhausted, has been a long time in the making. In September 2008, Doris Williams, Wilson's mother, met with an attorney to discuss post-conviction relief for her son. [Doc. 651-1, at 2]. On September 29, 2008, the attorney, Michael J. Cheselka, Jr., agreed to represent Wilson for $750. *Id.* at 3. Cheselka did not, however, ever file a § 2255 motion on Wilson's behalf. Wilson claims that he did not learn of Cheselka's failure to file his § 2255 motion until after the one-year limitations period for § 2255 motions had expired. [Doc. 651, at 2]; *see* 28 U.S.C. § 2255(f).

On April 11, 2011, Wilson filed a motion asking the Court to unseal records from the cases of two co-defendants because he needed the information to support a § 2255 motion. [Doc. 632]. The Court denied that motion on May 27, 2011. [Doc. 636]. In October 2011, Wilson filed this § 2255 motion. [Doc. 650].

Case No. 1:06-CR-338
Gwin, J.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes a one-year limitations period on the filing a § 2255 motion, beginning on the date upon which the judgment of conviction becomes final.  *See* 28 U.S.C. § 2255(f).  When an appeal is voluntarily dismissed, the conviction is considered final, and the limitations period for filing a § 2255 motion begins to run.  *See* United States v. Goward, 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010).

Wilson's conviction became final on December 6, 2007, after he voluntarily dismissed his sentencing appeal.  But he did not file his § 2255 motion until October 28, 2011, nearly three years after the one-year limitations period had expired.  *See* [Doc. 650].  Under § 2255(f), Wilson's § 2255 motion is untimely.

Nevertheless, the limitations period for filing a § 2255 motion may be subject to equitable tolling if the petitioner shows (1) diligent pursuit of his rights and (2) some extraordinary circumstance which prevented timely filing.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Johnson v. United States, 457 F. App'x 462, 470 (6th Cir. 2012).[1]  A petitioner bears the burden of showing that he is entitled to equitable tolling, Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011), and federal courts should use the doctrine "sparingly," Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir.

---

[1] In *Perkins v. McQuiggin*, the Sixth Circuit reaffirmed that a petitioner's claim of actual innocence is another basis for equitable tolling of AEDPA's limitations period.  670 F.3d 665, 670 (6th Cir. 2012).  For equitable tolling based on actual innocence, the petitioner must be able to "demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt."  Souter v. Jones, 395 F. 3d 577, 602 (6th Cir. 2005).  Wilson does not argue that actual innocence is a basis upon which to toll the limitations period in his case.  Nor has he brought any new and clearly exculpatory evidence.  Patterson v. Lafler, 455 F. App'x 606 (6th Cir. 2012) (applying Schlup v. Delo, 513 U.S. 298, 324 (1995)); *accord* Yates v. Kelly, 2012 WL 487991 (N.D. Ohio 2012).

Case No. 1:06-CR-338
Gwin, J.

2010).

First, Wilson's prior attorney's misconduct constituted an "extraordinary circumstance" outside of Wilson's control which prevented the timely filing of his § 2255 motion. *See Holland,* 130 S. Ct. at 2564 (attorney misconduct may be an "extraordinary circumstance" when it exceeds "excusable neglect"); *Patterson v. Lafler,* 455 F. App'x 606, 610 (6th Cir. 2012) (attorney abandonment reaches the level of an "extraordinary circumstance"). Before the one-year limitations period had passed, Wilson hired Cheselka to represent him in seeking post-conviction relief. [Doc. 651-1, at 2]. Inexcusably, Cheselka ignored Wilson's case and allowed the one-year limitations period to expire. [Doc. 651, at 2]. At Wilson's request, the Cleveland Metropolitan Bar Association investigated Cheselka, and Cheselka eventually refunded his $750 fee. [Doc. 651-1, at 3]. Later, on December 29, 2010, the Bar Association sent a letter to Wilson reflecting its finding that Cheselka had violated Rules 1.3, 1.4, and 1.5 of the Ohio Rules of Professional Conduct and apologizing for Cheselka's obstinance. In light of this background, the Court finds that Cheselka's complete neglect of Wilson's case was sufficiently extraordinary to satisfy the "extraordinary circumstance" condition for equitable tolling of the one-year limitations period.

Nevertheless, Wilson has failed to demonstrate that he has pursued his rights with reasonable diligence such that equitable tolling would be proper. *Holland*, 130 S. Ct. at 2565. "A petitioner can establish due diligence by showing that he took 'prompt action . . . as soon as he [was] in a position to realize that he [had] an interest in challenging' his conviction." *Moore v. United States,* 438 F. App'x 445, 449 (6th Cir. 2011) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)). When an attorney's abandonment is the extraordinary circumstance, reasonable diligence requires a petitioner's "diligent and consistent efforts to contact his attorney about deadlines." *Patterson*, 455

Case No. 1:06-CR-338
Gwin, J.

F. App'x at 611 (denying a request for tolling because the petitioner had not shown that the attorney ignored diligent and consistent attempts to be contacted).

Wilson has not carried his burden to establish that equitable tolling is proper because he has not shown that he diligently pursued his rights during the period in which Cheselka was representing him.  Strikingly, Wilson's § 2255 motion does not even allege that Wilson contacted Cheselka at any time to inquire about the status of any claim for post-conviction relief.

But even if equitable tolling would be appropriate for the period during which Cheselka was representing Wilson, it would not be appropriate for the one-year period following Wilson's realization that Cheselka had abandoned him.  By October 2010, at the very latest, Wilson knew that his attorney had failed to file his § 2255 motion within the one-year limitations period.[2]  Wilson then waited six months before he filed his April 2011 motion to unseal records, which the Court denied on May 27, 2011.  And another five months passed before Wilson got around to filing his § 2255 motion in October 2011.  In light of this unexplained delay, Wilson has failed to show that he took "prompt action . . . as soon as [he learned that Cheselka had put him] in a position to realize that he [had] an interest in challenging the prior conviction" by filing a § 2255 motion.  *Johnson*, 544 U.S. at 308.

In sum, Wilson has not demonstrated that he diligently pursued his rights to post-conviction relief.  Accordingly, the Court concludes that equitable tolling is inappropriate and denies Wilson's

---

[2]Two letters attached to Wilson's motion to toll establish that Wilson learned of Cheselka's failure in or before October 2010.  The first letter, dated October 22, 2010, is Cheselka's response to Wilson's Cleveland Metropolitan Bar Association complaint.  The second letter, dated December 29, 2010, is from the Bar Association to Wilson and his mother.  There is no other evidence indicating when Wilson learned that Cheselka had failed to file his § 2255 motion.

Case No. 1:06-CR-338
Gwin, J.

motion to toll the limitations period.  As a result, his accompanying § 2255 motion is dismissed.  *See* *Hall v. Warden, Lebanon Correctional Institution*, No. 1:08-cv-75, 2009 WL 857979 (S.D. Ohio Mar. 25, 2009), *aff'd*, 662 F.3d 745 (6th Cir. 2011); *Lee v. Bunsman*, No. 3:08-CV-310, 2009 WL 313323 (N. D. Ohio Feb. 6, 2009), *aff'd*, No. 09–3379, 2012 WL 1130413 (6th Cir. Apr. 4, 2012).

### III.

For these reasons, the Court **DENIES** Wilson's motion to toll the one-year limitations period and **DISMISSES** Wilson's § 2255 motion.

IT IS SO ORDERED.

Dated:  June 19, 2012                          *s/    James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE