UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:06-CR-338 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION AND ORDER |
| | : | [Resolving Docs. 733, 737] |
| SHERRELL WILSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 19, 2012, this Court denied Defendant Sherrell Wilson's 28 U.S.C. § 2255 petition to vacate his sentence.[1] On March 23, 2017, Defendant Wilson filed a motion to reopen his habeas proceedings.[2]

For the reasons below, this Court **DENIES** Wilson's motion.

## I. Legal Standard

Federal Rule of Civil Procedure Rule 60(b) names six circumstances in which a court may relieve a party from "a final judgment, order, or proceeding" : "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . . ; (5) the judgment has been satisfied, released or discharged . . . or (6) any other reason that justifies

---

[1] Doc. 680.
[2] Doc. 733. The Government opposes. Doc. 735. Defendant Wilson later filed another motion to reopen, arguing the government did not file a response. Doc. 737.

Case No. 1:06-CR-338
Gwin, J.

relief."[3] Such relief is disfavored "by public policy favoring finality of judgments and termination of litigation."[4]

Motions under Rule 60(b)(1-3) must be filed within one year from judgment.[5] Motions filed under Rule 60(b)(4-6) must be filed "within a reasonable time."[6]

## II. Discussion

On June 19, 2012, this Court denied Defendant Wilson's 28 U.S.C. § 2255 petition to vacate his sentence.[7] The Court found that Wilson filed his habeas petition nearly three years late and equitable tolling did not apply.[8] Accordingly, the Court dismissed Wilson's petition.

On December 5, 2013, the Sixth Circuit affirmed this Court's ruling.[9]

On March 23, 2017, Wilson filed the instant motion to reopen his habeas proceedings.[10] Wilson seeks relief under Rule 60(b)(4).[11] The Court finds the motion untimely.

Wilson seeks to reopen his habeas petition nearly five years after this Court denied habeas relief, and more than three years after the Sixth Circuit affirmed that decision. Although Rule 60(b)(4) motions need not be made within a specific time limit, they must be made "within a reasonable time." Wilson's delay in filing his motion is unreasonable.

Furthermore, nothing suggests the Court's dismissal of Wilson's petition—which the Sixth Circuit affirmed—has somehow become "void" and satisfies Rule 60(b)(4)'s standard. While Wilson's first habeas counsel failed to timely file his habeas petition, Wilson failed to

---

[3] Fed. R. Civ. P. 60(b).
[4] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (internal quotations and citation omitted).
[5] Fed. R. Civ. P. 60(c)(1).
[6] *Id*.
[7] Doc. 680.
[8] *Id*. at 3.
[9] Doc. 708.
[10] Doc. 733.
[11] *Id*.

follow up with his attorney.[12] And, after realizing his counsel's failure, Wilson waited yet another year to file his petition.[13] Accordingly, equitable tolling was improper and Wilson's petition was untimely.

Even if the Court reached the merits, Wilson's motion still falls short. Wilson challenges his 21 U.S.C. § 851 sentencing enhancement for prior convictions. Under 21 U.S.C. § 851, the Government may request a sentencing enhancement if "before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon."[14]

Here, Wilson knew about the Section 851 enhancement and twenty-year mandatory minimum both "before trial" and "before entry of [his] plea of guilty." During pre-trial discussion, Wilson rejected a plea agreement including the enhancement and twenty-year mandatory minimum.[15]

After further discussion with counsel and before trial started, Wilson accepted the plea agreement. The Government noted the § 851 enhancement.[16] Wilson acknowledged the § 851 enhancement and twenty-year mandatory minimum in open court.[17]

Accordingly, Wilson's guilty plea and enhanced sentence complied with 21 U.S.C. § 851's procedural requirements.

For the reasons above, this Court **DENIES** Wilson's motion.

IT IS SO ORDERED.

Dated: May 17, 2017               *s/       James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[12] Doc. 680 at 4-5.
[13] *Id*. at 5.
[14] 21 U.S.C. § 851(a)(1).
[15] Doc. 553-3 at 10-13.
[16] Doc. 665-1 at 14-15.
[17] *Id*. at 18-19.