UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:06-cr-338 |
| Plaintiff, | ORDER [Resolving Doc. 766] |
| vs. |  |
| SHERRELL WILSON, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Sherrell Wilson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] He argues the Court should reduce his sentence due to the conditions in his correctional facility and his pre-existing medical conditions that place him at higher risk of COVID-19 and its complications.[2] The Government opposes.[3] Wilson replies.[4] For the reasons stated below, the Court **GRANTS** Wilson's motion.

I. Background

Defendant Wilson was a leading member of a large Cleveland cocaine distribution scheme. In 2007, Wilson pled guilty to and was convicted of conspiring to possess cocaine with intent to distribute, conspiracy to distribute cocaine, and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), & 846.[5] Because Wilson also had a prior Ohio drug trafficking conviction, he was subject to a 20-year

---

[1] Doc. 766.
[2] *Id.*
[3] Doc. 767.
[4] Doc. 768.
[5] Doc. 469 at 1.

Case No. 1:06-cr-338
Gwin, J.

mandatory minimum sentence.[6] The Court imposed that mandatory 20-year sentence along with 10 years' supervised release.[7]

## II. Discussion

Wilson, now 53, suffers from hypertension, hyperlipidemia, and advanced heart disease.[8] On one occasion in 2015, Wilson went into cardiac arrest, eventually recovering after receiving heart bypass surgery and an internal heart defibrillator.[9]

Wilson claims the conditions where he is housed at FCI Elkton make it likely that he will contract COVID-19, as more than 1000 facility inmates and staff already have,[10] including Wilson himself in June 2020.[11] Contracting the virus again, Wilson claims, places him at great risk of severe complications.[12]

Wilson has been incarcerated since May 3, 2006.[13] Wilson has served over 80% of his sentence with good behavior credit and is scheduled to be released on August 7, 2023.[14] If released, Wilson plans to live with his uncle in Cleveland, Ohio.[15] The Government opposes Wilson's release.[16]

### A. Exhaustion

The Court may modify a sentence upon the defendant's motion made 30 days after the defendant requests compassionate release from his facility's warden.[17] Wilson first

---

[6] Doc. 329 at 1–2.
[7] Doc. 469 at 2–3.
[8] Doc. 766-1; Doc. 766-2 at 5.
[9] *Id.*
[10] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Oct. 19, 2020).
[11] Doc. 766-7.
[12] Doc. 766.
[13] Presentence Report at 1.
[14] Doc. 767-1.
[15] Doc. 766.
[16] Doc. 767.
[17] 18 U.S.C. § 3582(c)(1)(A).

Case No. 1:06-cr-338
Gwin, J.

requested compassionate release from FCI Elkton's warden on April 27, 2020.[18] Counsel filed a supplemental compassionate release motion on Wilson's behalf in this Court on August 4, 2020.[19] Because more than 30 days passed between Wilson's compassionate-release request and Wilson's supplemental motion in this Court, Wilson, as the government concedes, has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.[20]

### B. Eligibility

To grant a compassionate release sentence reduction, the Court must find that "extraordinary and compelling reasons warrant such a reduction."[21] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[22]

Extraordinary and compelling reasons warrant Wilson's compassionate release. Wilson has a hypertension, hyperlipidemia, and advanced heart disease.[23] These conditions make him particularly vulnerable to COVID-19 complications.[24]

Though Wilson has already once contracted and recovered from COVID-19, the conditions in FCI Elkton make it likely that he will contract the virus again.[25] Nearly 1000 FCI Elkton inmates and staff have contracted COVID-19, and nine inmates have died of the virus.[26] One FCI Elkton inmate is currently COVID-19-positive, and the frequent large-scale

---

[18] Doc. 766-4.
[19] Doc. 766.
[20] *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).
[21] 18 U.S.C. § 3582(c)(1)(A)(i).
[22] *Id.*
[23] Doc. 766-1; Doc. 766-2 at 5.
[24] *People with Certain Medical Conditions*, CDC (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[25] Doc. 766-6 at 5–7.
[26] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Oct. 19, 2020).

Case No. 1:06-cr-338
Gwin, J.

inmate movements around the facility create ideal COVID-19 spreading conditions.[27] Wilson is at high risk of severe illness if he remains incarcerated.

Granting compassionate release also accords with the 18 U.S.C. § 3553 sentencing factors. Wilson was a leading member of a large-scale cocaine trafficking conspiracy.[28] His conduct produced a Federal Sentencing Guidelines range of 188 to 235 months' imprisonment.[29] But because Wilson had a prior Ohio drug trafficking conviction, the 2006 version of 21 U.S.C. § 841(b)(1)(A) made a 20-plus-year sentence mandatory.[30] The Court imposed the 20-year sentence.

Wilson has served more than 80% of the 20-year sentence he received under that provision with credit for good behavior. But while Wilson was incarcerated, Congress amended 21 U.S.C. § 841(b)(1)(A)'s mandatory minimum as part of the First Step Act of 2018.[31] The applicable mandatory minimum is now 15 years.[32]

Wilson is set to be released on August 7, 2023, roughly 33 months from the writing of this order.[33] Had the current 15-year mandatory minimum penalty for Wilson's crimes been in effect in 2006, Wilson would have been subject to a Guidelines range of 188 to 235 months.[34] The midpoint of that Guidelines range is 211 months, 29 months less than the mandatory 240-month (20-year) sentence Wilson received in 2006.[35]

---

[27] Doc. 766-6 at 5–7.
[28] Presentence Report at 27.
[29] Presentence Report at 22.
[30] 21 U.S.C. § 841(b)(1)(A) (relevant provision amended 2018).
[31] Pub L. No. 115-391 § 401(a)(2)(A)(i) (2018).
[32] 21 U.S.C. § 841(b)(1)(A).
[33] Doc. 767-1.
[34] Presentence Report at 22.
[35] Doc. 469 at 2.

Case No. 1:06-cr-338
Gwin, J.

If Wilson had been sentenced under current law, his release date would be imminent, if not already past. This Court has previously considered such sentencing discrepancies in finding extraordinary and compelling reasons favoring compassionate release.[36]

Further, Wilson is no significant public danger. His violent criminal history is nearly 30 years old,[37] and other than an early sentence minor fighting infraction in 2007, Wilson has maintained good conduct during his incarceration.[38]

The 173-month prison term Wilson has already served and the ten years of supervised release he will serve after his release sufficiently reflect the seriousness of his offense, provide just punishment for it, and promote respect for the law.[39]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Wilson's compassionate release motion. The Court orders Wilson's sentence reduced to time served. Wilson's term of supervised release remains at ten years with a period of six month home confinement with electronic monitoring, with permission to obtain or maintain employment and permission to attend medical treatments if authorized by the supervising probation officer. He is otherwise subject to the terms of the most recent judgment. The Court orders the Bureau of Prisons to take measures, including a 14-day pre-transfer quarantine, to ensure that Wilson is COVID-19-free prior to his release. Wilson is given credit for any quarantine time already served.

IT IS SO ORDERED.

Dated: November 30, 2020        *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[36] *United States v. Wise*, Case No. 5:98-cr-138, 2020 WL 4251007, at *4 (N.D. Ohio June 25, 2020).
[37] Presentence Report at 15.
[38] Doc. 767-2; Doc. 768-1.
[39] 18 U.S.C. § 3553.